IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:17-cr-00209-JO-2 |
| | ) | |
| v. | ) | |
| | ) | |
| RUBEN ROSAS-LOZANO, | ) | OPINION AND ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

JONES, J.

Defendant Ruben Rosas-Lozano moves to reduce his sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Def.'s Mot., ECF No. 427. Defendant, who was born in 1987, has a projected release date in March 2023. Gov't Resp. 2, ECF No. 428. Defendant seeks compassionate release because he is subject to an immigration detainer and therefore not eligible for placement in home confinement before his projected release date. For the following reasons, I DENY Defendant's Motion for Reduction of Sentence.

**BACKGROUND**

Defendant pleaded guilty to possession of methamphetamine with intent to distribute. In October 2019, this court sentenced Defendant to 48 months' imprisonment, which was below the advisory guideline range. *See* Presentence Report (PSR) ¶ 71, ECF No. 374.

1 - OPINION AND ORDER

## LEGAL STANDARD

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824-25 (2010). However, Congress has expressly authorized district courts to modify a defendant's sentence in three limited circumstances, including granting a motion for compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A).

Although the compassionate release statute previously permitted sentence reductions only upon motion of the Director of the Bureau of Prisons, Congress expanded the statute in the First Step Act of 2018. Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (Dec. 21, 2018). Now, a defendant may bring a motion for compassionate release, but only *after*: (1) petitioning the BOP to make such a motion on the defendant's behalf; *and* (2) either (a) exhausting all administrative appeals after the BOP denied the defendant's petition or (b) thirty days have elapsed after the warden of the defendant's facility received the defendant's petition, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Keller*, __ F. 4th __, 2021 WL 2695129, at *3 (9th Cir. July 1, 2021) (per curiam) (explaining exhaustion requirement for defendants' motions for compassionate release under the First Step Act).

Pursuant to the First Step Act, a court may reduce a defendant's sentence if "extraordinary and compelling reasons warrant such a reduction; . . . and . . . such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i). Congress did not define "extraordinary and compelling" other than providing that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t).

The "applicable policy statement by the Sentencing Commission" for sentence reductions was last amended before the First Step Act was passed and is found in the Application Notes to

United States Sentencing Guidelines (U.S.S.G.) § 1B1.13. Application Note 1 of the policy statement commentary defines extraordinary and compelling reasons justifying compassionate release. U.S. Sentencing Guidelines Manual § 1B1.13, cmt. n.1 (U.S. Sentencing Comm'n 2018). Application Note 4 directs courts to consider the sentencing factors found in 18 U.S.C. §3553(a) and determine whether the defendant is a danger to the safety of the community before granting compassionate release. *Id.* at cmt. n.4. Although expressly applying only to motions filed by the BOP director and not motions filed by a defendant, the policy statement "may inform a district court's discretion for §3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda,* 993 F.3d 797, 802 (9th Cir. 2021) (per curiam).

Defendants bear the burden to establish both that they have satisfied the procedural requirements for judicial review and that compelling and extraordinary reasons exist to justify compassionate release. 18 U.S.C. § 3582(c)(1)(A). District courts have discretion in deciding whether to grant compassionate release. *Keller,* at *2. A district court may abuse its discretion if it does not apply the correct law or bases its decision on clearly erroneous findings of fact. *Id.*

## DISCUSSION

Defendant argues that he should be released six months before his projected release date because he is "a deportable alien" and therefore not eligible to receive six months' home confinement before his release date. Def.'s Mot. 2. As additional factors supporting compassionate release, Defendant cites his age (he turns 34 this year), separation from his family in Mexico, and the cost of his imprisonment. Def.'s Mot. 2. Defendant does not mention health problems or concerns about the COVID-19 pandemic. The government responds that although Defendant has exhausted his administrative remedies, he has not shown compassionate release is warranted. I agree.

In trying to justify compassionate release, Defendant relies primarily on his status as a removable alien. I agree with the government, however, that "[h]ome confinement has never been available to inmates who are subject to an immigration detainer." Gov't Resp. 3. Because Defendant's status as a removable alien is not unusual, his immigration status, without more, is not an extraordinary and compelling reason for granting compassionate release. Similarly, Defendant's relatively young age, separation from family in Mexico, and the cost of imprisonment are not extraordinary and compelling reasons for compassionate release. Otherwise, any inmate subject to an immigration detainer would be eligible for compassionate release. Because Defendant has not shown an extraordinary and compelling reason for compassionate release, I need not address the sentencing factors listed in 18 U.S.C. § 3553(a). *See Keller*, at *5 (when the district court denies a defendant's motion for compassionate release, the court has discretion in whether to address either the § 3553(a) sentencing factors or the existence of extraordinary and compelling reasons).

## CONCLUSION

Defendant's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(1), ECF No. 427, is DENIED.

IT IS SO ORDERED.

Dated the 23 of July, 2021.

Robert E. Jones
Senior United States District Judge